THE PEOPLE *v.* LANAUSE.

APPEAL from the District Court of Guayama.

No. 165.—Decided June 26, 1909.

CRIMINAL LAW—MALICIOUS DAMAGE—BOUNDARY LINES OF RURAL PROPERTY— DISPUTES OVER SAME.—When it has been shown in the record that between the father of the defendant and the plaintiff there exists a question or dispute as to the boundary lines of their respective properties which are adjoin-

ing, it cannot be held that the defendant in representation of his father maliciously causes damage to the plaintiff, by demolishing a fence, when he believed that he was acting in vindication of a legitimate right, such as that of ownership.

The facts are stated in the opinion.

*Mr. José C. Ramos* for appellant.

*Mr. Rossy, fiscal,* for respondent.

MR. CHIEF JUSTICE HERNÁNDEZ delivered the opinion of the court.

The appellant, Adolfo Lanause, by judgment of the District Court of Guayama of November 21, 1908, was found guilty of the crime of malicious damage, and sentenced to pay a fine of $25, and the costs of the action, from which judgment he took an appeal to this Supreme Court.

The crime which gave rise to the trial charged, according to the sworn complaint filed in the municipal court of Salinas by Albert Godwin Merhoff, that Adolfo Lanause, in conjunction with some others, on June 5, 1908, in the *barrio* "Quebrada Yegua" of Salinas, wilfully and maliciously tore down the fence which inclosed on the west side a rural estate belonging to the complainant.

It was proved at the trial that the estate of Merhoff, which adjoined another estate belonging to Francisco Lanause, the father of the defendant Adolfo, had been surveyed by two engineers, and that a fence having been erected at the points which they marked Adolfo Lanause had it removed, notwithstanding the fact that he knew of the survey which had been made.

But it does not appear, however, that the appellant Lanause acted maliciously, because the complainant Merhoff himself declares that the defendants tore down the fence because there is a well about a hundred feet from the estate belonging to him which they claim as theirs, and that the real boundaries of the two estates had been in controversy for more than a year; Adolfo Lanause affirmed that the fence was on the estate of his father, Pancho Lanause and about 10

or 12 yards within it and included a well which has always been known to belong to said estate, and accordingly, at the suggestion of his father, he went to Ponce and laid the matter before Attorney Tous Soto, who advised him not to permit the erection of the fence under any circumstances, which fence was removed by his orders.

The defendant, Adolfo Lanause, produced evidence to show that the fence encroached on lands belonging to his father and deprived him of the well to which reference has been made; but a criminal action is not the proper remedy for determining rights of property.

It is sufficient for us to know that there exists a question or difference between Albert G. Merhoff and Francisco Lanause as to the boundaries of their respective properties which adjoin each other, and in view of this fact, we cannot hold that Adolfo Lanause, acting on behalf of his said father, maliciously caused any damage to Merhoff, because the former believed that he was acting in the defense of a legitimate right such as that of ownership, although such right was contested by Merhoff.

For the reasons stated, we are of the opinion that the judgment appealed from should be reversed, and the appellant, Adolfo Lanause, acquitted, with the costs against The People.

*Reversed.*

Justices Figueras, MacLeary, Wolf and del Toro concurred.